(31 Abb. N. C. 281; 7 Misc. Rep. 639.)

### SWINARTON v. LE BOUTILLIER.

(Common Pleas of New York City and County, General Term. April 2, 1894.)

1. NEGLIGENCE—ALLOWING MISCHIEVOUS PERSONS ON PREMISES.
   The presence of a mischievous human being on premises may constitute the danger against which the law requires of the occupant reasonable care to protect his invitee.

2. SAME—MISCONDUCT OF EMPLOYES.
   A customer in a store is there by invitation of the merchant, who owes him the duty of reasonable care to secure him against injury, as well from the misconduct of the merchant's employes as from the dangerous condition of his premises; and for breach of the duty, with consequent injury, the customer may maintain an action for negligence against the merchant.

(Syllabus by the Court.)

Appeal from trial term.

Action by Anna E. Swinarton against George Le Boutillier for personal injuries sustained by plaintiff while a customer in defendant's dry-goods store, plaintiff's eye being put out by a pin thrown or shot by a cash boy. From a judgment entered on a verdict in favor of plaintiff for $10,000, and from an order denying a motion for a new trial, made on the minutes of the court, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

J. Delahunty, for appellant.

Hatch & Wickes, for respondent.

PRYOR, J. The ground of an action for negligence is the breach of a duty owing by the defendant to the plaintiff. To sustain such action it is incumbent on the plaintiff to show the duty and to prove its breach, with a consequent injury to himself. In the present case, that the plaintiff has suffered injury from the act of which she complains, and that the damages awarded are not an excessive reparation for the wrong, if such there be, are not the subject of controversy. The contention is over the two other elements of actionable negligence; namely, the duty and its breach. These essential facts a plaintiff must establish, not by a scintilla of evidence merely, but by proof reasonably sufficient to uphold a verdict in his favor. Upon a critical review of the evidence, our conviction is that it suffices to support the facts from which plaintiff deduces the duty and the breach; and hence the question for adjudication is, do those facts show a case of actionable negligence? In other words, can it be affirmed of the facts, as a legal conclusion, that they involve a violation of duty to the plaintiff? It is conceded that, at the time of her injury, the plaintiff was on the defendant's premises by his invitation and for his advantage; and that she suffered the hurt by effect of a mischievous agency operating on those premises, of which she was without notice. But this is not enough. To complete a case of actionable negligence, on the theory under consideration, the plaintiff must go further, and show the defendant responsible for the harmful agency by proof that it exists in consequence of his want of care. Imposing authority might be adduced for the proposition that the duty of defendant was more absolute,—that is, not to permit the hurtful agency on his premises (Beck v. Carter, 68 N. Y. 283, 292, and citations); but we prefer to limit his liability to the absence of proper diligence in the protection of the plaintiff (Coughtry v. Woolen Co., 56 N. Y. 124; Bennett v. Railroad Co., 102 U. S. 577).

It being settled law that an occupant of land is bound to use ordinary care and diligence to keep the premises in a safe condition for the presence of persons who come thereon by his invitation, express or implied, or for any other purpose beneficial to him (2 Shear. & R. Neg. § 704), the questions presented by the facts as found are: (1) Were the premises in an unsafe condition, in the legal sense; and (2) if so, was that condition the effect of defendant's want of care and diligence? Had plaintiff sustained the injury from a defect in the premises, or in machinery upon them, assuming negligence in keeping them, the liability of the defendant would be beyond dispute. But here the injury was inflicted by the act of a boy with a propensity to mischief, in the employ of the defendant, and by him placed on the premises in a position to do the injury. Why does not such boy, so employed and placed, constitute a danger upon the premises as effectual for evil as a trapdoor or pitfall or a dilapidated stairway? That the cause of the injury need not be an inanimate agency is shown by the decision in Loomis v. Terry, 17 Wend. 197, where it was held that even a trespasser may maintain an action for the bite of a ferocious

dog left at large on the defendant's lot.   Carroll v. Railroad Co., 58 N. Y. 126, 136.   In Mallach v. Ridley (Sup.) 9 N. Y. Supp. 922, it is said that:

"The storekeeper invites the public to enter his premises, and to subject themselves to the custody and control of his subordinates; and by parity of reasoning [with that prevailing in common-carrier cases] he should be held responsible for the brutalities of such subordinates, even when they are not committed in the strict line of their employment."

In Dean v. Depot Co., (Minn.) 43 N. W. 54, the court said that:

"The defendant * * * was bound to use ordinary care and diligence to keep its premises in a safe condition for those who legitimately came there. It had no more right, therefore, to knowingly and advisedly employ, or allow to be employed, in its depot building, a dangerous or vicious man, than it would have to keep and harbor a dangerous and savage dog, or to permit a pitfall or trap into which a passenger might step as he was passing to or from his train."

The case at bar may be new in the instance, but not in the principle; and in the absence of authority to the contrary, upon the analogies of the law and the dictates of common sense, we adjudge that the presence of the boy on the premises, with his propensity to evil doing, was a danger against which it was the duty of the defendant, by the exercise of proper care, to protect the plaintiff.   We hold, furthermore, that having invited the plaintiff into his store for his benefit, and having authorized and induced her to confide in the good conduct of his servants, to whom in the transaction of his business he committed her, he thereby assumed the duty, by the exercise of reasonable care, of protecting her from injury by the misconduct of such servants; and that he is answerable to her for any injury she has sustained by such misconduct, which, in the exercise of reasonable care, he might have prevented. The verdict involves the fact of his failure in the exercise of the duty so incumbent upon him (Sutter v. Vanderveer, 122 N. Y. 652, 654, 25 N. E. 907); and we are to inquire whether the evidence suffices to justify the finding of the jury.

The proof is ample to authorize these inferences: That the defendant kept in his store a number of cash boys for attendance on customers; that among these boys the propensity and habit of "snapping pins" at objects and persons in the store were prevalent; that this snapping or shooting pins by these boys was likely to inflict injury on defendant's customers, and did, in fact, inflict the injury of which the plaintiff complains; that this habit of snapping or shooting pins by these boys had existed for months, and was known or ought to have been known by the defendant; that no reasonably sufficient precaution was taken by him to suppress the dangerous practice; and that he had not exercised a reasonable degree of care and diligence to secure the plaintiff against injury from such dangerous practice.   Such being the duty of the defendant, and its breach, to the injury of the plaintiff, and no contributory negligence being imputed to her, the right on her part to reparation in damages for the wrong is clear and incontestable.   We are further of the opinion that plaintiff's cause of

action is so supported by the proof that the court is not at liberty to set aside the verdict as against the weight of evidence. Nelson v. Railroad Co. (herewith decided) 28 N. Y. Supp. 50. Hence, the judgment must be affirmed unless the exception to the refusal to dismiss the complaint be valid, or there be prejudicial error in the charge, or in the admission or exclusion of evidence.

On the conclusion of the plaintiff's case, and again at the close of all the evidence, the defendant moved to dismiss the complaint on the ground that the cause of action pleaded was unproved. But it is obvious on inspection of the complaint that it proceeds as well upon the duty of the defendant to protect the plaintiff from danger on his premises as upon his duty to secure her against injury by his servants in the course of their employment. The court, also, put the case to the jury on the same theory. To the charge itself no exception was taken, and, indeed it was unexceptionable. Three requests called upon the court to charge that there was no evidence to support specific propositions of fact. On a motion to nonsuit or dismiss, it is undoubtedly the duty of the court to determine what the evidence is; but, submitting the case to the jury, it is a question whether the court may rightly instruct them that there is no proof of a particular fact. That matter being already decided by the judge, the deliberations of the jury are conducted on the assumption of some evidence of every essential fact, and their function is only to determine the sufficiency of the evidence. However this may be, there was adequate evidence of the facts suggested by appellant, and so his requests were properly denied. The other requests proceed on the supposition that no recovery could be had unless the injury to plaintiff was caused by a servant in the line of his employment, whereas it is already apparent in this opinion that his liability stands as well upon another and different principle of law. The vicious habit of the boys was admissible in evidence, both as a substantive fact in the cause and as affecting defendant's knowledge of the danger incurred by plaintiff on his premises. A statement of a witness to a third party, not of the res gestae, and not tending to impeach his testimony in chief, is clearly incompetent even on cross-examination. If, however, there was error in the exclusion, it was harmless, because of the introduction of the statement at a subsequent stage of the trial. Similarly, the error, if any, in allowing the question to plaintiff's superintendent, was innocuous, because the answer was in favor of the defendant. Besides, no ground of objection was specified. Evidence by the plaintiff explanatory of her procrastination in bringing suit we are not at liberty to condemn as immaterial, since in his brief before us appellant carefully inserts the statement that "this action was commenced three days before the day on which it would have been outlawed." If the fact of the delay be deemed of effect upon us, it could hardly have been without influence with the jury. In the absence of error in the record, we affirm the judgment. Judgment and order affirmed, with costs. All concur.