(14 Misc. Rep. 220.)

ROGERS v. HARDY.

(City Court of Brooklyn, General Term.   October 28, 1895.)

TRIAL—REQUEST BY BOTH PARTIES FOR DIRECTION OF VERDICT.
    A request by each party for a direction of a verdict in his favor is a stipulation that the court should pass on the facts.

Appeal from trial term.

Action by Asa L. Rogers against John J. Hardy for conversion of personal property. There was a judgment in favor of defendant, and plaintiff appeals. Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

Stedman & Larkin, for appellant.

Grout, De Fere & Mayer, for respondent.

PER CURIAM. This is an action to recover damages for the alleged conversion of personal property consisting of machines and machinery in a mill. The court directed a verdict for the defendant, and this is an appeal from the judgment entered thereupon, and from the order denying motion for new trial.

At the close of the case the attorney of each party requested the court to direct a verdict in his favor. This was a stipulation

that the court should take from the jury the facts, and pass upon them itself. Koehler v. Adler, 78 N. Y. 287. This responsibility so devolved upon the court, it assumed and directed a verdict for the defendant, thereby deciding that plaintiff was not the owner of this property, and that his testimony was unworthy of credit. Defendant's original possession of this property was not wrongful; therefore the onus was cast upon plaintiff of establishing his title. Plaintiff told so many conflicting stories concerning his alleged ownership of the property, and failed to produce documentary evidence, which he claimed to exist, that would corroborate him, and, there being testimony that so strongly points to the inference that the "Charles E. Rogers & Co." corporation bought and paid for this property through the plaintiff as its representative, and was in possession and use of the same from the time it was so purchased till the defendant acquired the title and possession of the mill in which this machinery was, that it seems to us the court was called upon to so discredit plaintiff's testimony as to fully justify the conclusion that plaintiff had failed to establish his title to this property. The exceptions taken to the admission of testimony tending to show that this corporation was the owner thereof are not well taken, for this tended to show that plaintiff was not the owner. The other exceptions require no special attention.

Judgment and order must be affirmed, with costs.