## COHEN v. MOSHKOWITZ.

(Supreme Court, Appellate Term, First Department. June 22, 1896.)

1. TRIAL—DIRECTION OF VERDICT—REQUEST BY BOTH PARTIES.
   A request by both parties for the direction of the verdict is a consent to the determination by the court of the questions involved.
2. BAILMENT—DESTRUCTION OF GOODS—RIGHT OF BAILEE TO COMPENSATION.
   Defendant employed plaintiff to put together 66 garments. On the morning of Friday following the delivery of the materials to plaintiff, he had 30 garments completed, and in the evening of the same day 26 more were ready. He agreed to send the 30 garments to defendant on that day, and the remainder on the day following. He failed to perform his promise, and, on the night of the day following (Saturday), the garments were destroyed by fire. Plaintiff did not claim that he failed to send the goods because he expected defendant to send an expressman, but stated that he did not send them because they were not entirely finished. *Held*, that plaintiff was not entitled to compensation for the work done by him.

Appeal from Fifth district court.

Action by Morris Cohen against Herman Moshkowitz for work done by plaintiff for defendant. A judgment was rendered in favor of defendant, and plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

L. H. Levin, for appellant.

B. Tuska, for respondent.

McADAM, J. The parties must be held concluded by the manner in which they tried the cause. Neither side asked that the cause be submitted to the jury. On the contrary, both requested the direction of a verdict, whereupon the justice directed one in favor of the defendant. By asking for the direction the parties virtually consented to the determination by the justice of the questions involved, as if the trial had been without a jury. Kirtz v. Peck, 113 N. Y. 223, 226, 21 N. E. 130; Thompson v. Simpson, 128 N. Y. 270, 28 N. E. 627; Rogers v. Hardy, 14 Misc. Rep. 220, 35 N. Y. Supp. 671. In order to reach the result arrived at by him, the justice must have found that in the latter part of October, 1895, the plaintiff, who is a tailor, received from the defendant, a manufacturer of ready-made clothing, 66 cut garments to put together; that at 10 o'clock a. m. on the Friday succeeding the delivery to the plaintiff he had 30 garments completed, and at 6 o'clock p. m. the same day 26 more were ready for delivery; that he agreed to send the 30 to the defendant on Friday, and the remainder on the day following, which promise he did not perform, although the defendant, who was in a hurry for the goods, relied upon its performance; and that on Saturday night a fire occurred at the plaintiff's premises, resulting in the complete destruction of the garments. The action is to recover for the work done upon the completed garments, as for services rendered by the plaintiff at the instance and request of the defendant. The defendant was to pay for the work only after the 66 garments were returned to him in a completed state, with the result of the plaintiff's labor upon them. Not having performed this duty, the plaintiff has no cause of action, unless the destruction of the subject-matter by fire gives

him one. As the material belonged to the defendant, the contract between him and the plaintiff was one of bailment, and of that class technically called "locatio operis faciendi," applicable "to the hire of tailors to make clothes, of jewelers to set gems, and of watchmakers to repair watches." Story, Bailm. § 421. In such a case, if, while the work is doing on a thing belonging to the employer, the thing perishes by internal defect or inevitable accident, without any default of the workman, the latter is entitled to compensation, to the extent of his labor actually performed on it, unless his contract import a different obligation; for the maxim is, "Res perit domino." Id. § 426; 2 Kent, Comm. 590, 591; Schouler, Bailm. § 111. The rule is said to be: (1) If the work is independent of any materials or property of the employer, the manufacturer has the risk, and the unfinished work perishes to him; (2) if the bailee is employed in working up the materials, or adding his labor to the property of the employer, the risk is with the owner of the thing with which the labor is incorporated. Id.; 2 Pars. Cont. (6th Ed.) 130, 131; Archer v. McDonald, 36 Hun, 194; McConihe v. Railroad Co., 20 N. Y. 495; Tompkins v. Dudley, 25 N. Y. 272; Niblo v. Binsse, 3 Abb. Dec. 375. "But," observes Schouler in the section of his work before referred to, "local usage or special contract might create exceptions; for were it mutually understood that the workman should perform by the job, for some stipulated price, payable only upon completion of the service, the civil law and our own would, in case of a calamity for which neither party was to blame, make the thing perish to the master, and the service to the workman, unless, indeed, the calamity occurred after the job was actually finished."

Although the material perished by inevitable accident, and was therefore incapable of delivery, the plaintiff was bound to establish a right to be paid for the work actually done, without completing the entire job. Assuming, but not deciding, that he succeeded in doing this, the question still remains whether he was guilty of any default, without which the loss would not have occurred. The evidence sufficiently warrants the finding that the plaintiff agreed to send the 30 garments to the defendant on Friday, and the remainder on the day following, and that he neglected this duty, although the defendant relied upon its performance. This was a special lot of goods. It is conceded the defendant was in a hurry for them, and that he was insisting upon their speedy completion, as he required them in his business. Hence the plaintiff's promise to send them in, which meant that he would attend to their delivery. According to the testimony of the defendant, the plaintiff did not claim that he omitted to send the goods because he expected the defendant, as was the custom, to send the expressman for them, thus putting the fault upon the defendant; but he offered excuses which imply neglect upon his own part—First, want of buttons; then, want of covers; and when pressed, after the fire, for some explanation why the goods had not been sent in according to his promise, he said, "I couldn't send them in because the straps were not finished." So that, while the defendant persistently laid the blame upon the plaintiff, the latter, instead of charging the defendant with neglect, kept offering excuses for his

own delinquency, which in their nature repel any inference that the defendant was at fault. This feature may, and probably did, have weight in influencing the finding in favor of the defendant, and it cannot be said to be without support in the evidence. If the plaintiff had performed his agreement and sent in the completed garments, the loss would not have occurred. Hence it happened by his default, and he thereby lost, not only the right to compensation, but may have become liable to the defendant for the loss of the material, as the proximate consequence of such default. See Faulkner v. Hart, 82 N. Y. 413.

The defendant pleaded a counterclaim of $333.33 for the loss of his material, but this was disallowed by the justice; and, as the defendant has not appealed, an affirmance of the judgment in his favor will be an effectual adjudication of all differences between the parties. Judgment affirmed, with costs. All concur.