F. & L. MANUFACTURING Co., INC., Respondent, *v.* JOMARK, INC., Appellant.

Supreme Court, Appellate Term, First Department, June 11, 1929.

*Julius Kuschner*, for the appellant.

*Benjamin M. Gottesfeld*, for the respondent.

PER CURIAM. The plaintiff, a contractor, received defendant's merchandise to make up into dresses. It was charged with an agreed valuation of the merchandise and was to receive a stipulated sum per dress for the finished garments. After completion seventy-eight dresses were given to a messenger hired by the plaintiff for delivery to the defendant. The boy stole the dresses. Plaintiff recovered a judgment below based on the agreed price of the seventy-eight dresses. The messenger to whom the goods were intrusted was hired the day before. He had given fictitious information as

to his address and as to his former employer. No attempt was made by the plaintiff to investigate the information he had given because of his promise to produce a written letter of reference, which promise he had failed to fulfill.

Plaintiff was clearly negligent in hiring the messenger without making some investigation of his qualifications. (See *Sturgis* v. *American District Telegraph Co.*, 203 App. Div. 829.) The most casual investigation would have disclosed that this messenger was not a proper person to whom defendant's goods might be intrusted. The plaintiff attempts to excuse itself by stating that its president attempted to accompany the messenger through the streets but lost him in the traffic. Assuming the truth of this testimony it would not excuse the plaintiff nor make its negligence any less the proximate cause of the loss. It merely meant that because of its lack of reasonable care it had hired a thief clever enough to steal the goods while the plaintiff's president was walking along with him.

The general rule in this class of cases that " the risk is with the owner of the thing " does not apply where the loss is due to the fault of the workman. Under such circumstances, " he thereby lost not only the right to compensation, but may become liable to the defendant for the loss of the material as the proximate consequence of such default." (*Cohen* v. *Moshkowitz*, 17 Misc. 389.)

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

All concur; present, LYDON, CALLAHAN and FRANKENTHALER, JJ.