**DILLI et al. v. JOHNSON.**

No. 7273.

United States Court of Appeals for the District of Columbia.

Argued Oct. 12, 1939.

Decided Oct. 30, 1939.

Henry I. Quinn and Richard W. Galiher, both of Washington, D. C., for appellants.

Milton Conn, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, Associate Justices.

GRONER, C. J.

This is an appeal from a judgment on a verdict of a jury in a suit for damages resulting from an assault committed on the appellee-plaintiff by an employee of the appellants-defendants in their place of business.

Appellants operate a restaurant in the northwest section of Washington City. At the time in question it was in charge of an employee named Propst. Plaintiff testified substantially as follows: At about three o'clock in the morning of July 17, 1936, accompanied by two friends, he entered the restaurant, took a seat at the counter, and ordered two hamburger sandwiches and a cup of coffee. The two friends ordered only coffee. Propst served the sandwiches, one being full of unground meat. Plaintiff asked Propst to exchange the bad one, but was met with a refusal and a comment that he needn't eat it if he didn't like it. He then wrapped it up and threatened to show it to the proprietor. Propst then turned around, reached under the counter for a night-stick, and proceeded to strike plaintiff on the arm and head. The injuries were so severe that he had to be taken to a hospital where his head was dressed and a number of stitches taken in his scalp.

Propst testified that plaintiff made an unprovoked assault upon him and that, in striking the plaintiff, he was acting entirely in self-defense.

First. At the conclusion of plaintiff's case, counsel for the defendants moved for a directed verdict on the ground that the evidence failed to show that, in making the assault, Propst acted in the discharge of the duties of his employment or in furtherance of the interests of his employers. This appeal is grounded principally on the denial of this motion.

We think the trial court was right. It is well established that an employer may be held responsible in tort for assaults committed by an employee while he is acting within the scope of his employment, even though he may act wantonly and contrary to his employer's instructions. Axman v. Washington Gaslight Co., 38 App.D.C. 150; Davis v. Merrill, 133 Va. 69, 112 S.E. 628; see New York Central & H. R. R. Co. v. United States, 212 U.S. 481, 493, 29 S.Ct. 304, 53 L.Ed. 613. Consequently, in this case, a verdict could only have been directed in defendants' favor, if there were no facts shown in the evidence which would support a finding that Propst was acting within the scope of his employment. But in our opinion such is not the case here. It is conceded that there was no prior grievance or personal animosity between the employee and the customer—indeed, that there was no acquaintance. This, it seems to us, disposes of any question of personal revenge. The assault occurred when plaintiff told Propst that his hamburger sandwich contained unground meat "and the other fellow sitting next to me had one like that, too",—adding "I will give mine to the proprietor, whom I know". With this evidence before it, the jury was justified in finding that the servant, whose duty it was to serve defendants' patrons and to adjust any disputes or differences with the customer, was acting within the scope of his employment when he resented the complaint by violently attacking the plaintiff. Central Motor Co. v. Gallo, Tex. Civ.App., 94 S.W.2d 821; J. M. High Co. v. Holler, 42 Ga.App. 657, 157 S.E. 209; cf. Schell v. Vergo, 166 Misc. 839, 4 N.Y.S. 2d 644. In this view, it cannot be contended that, in serving the food and receiving the complaint, the agent was not promoting the object of his employment. With just as little reason, can it be said that he broke the connection between master and servant when he allowed his own resentment and anger to lead to an assault on the customer. A line of separation so vague as this would emphasize the shadow rather than the substance.

We are, therefore, of opinion that, having placed Propst in charge and committed the management of the business to his care, defendants may not escape liability either on the ground of Propst's infirmity of temperament or because, under the influence of passion aroused by plaintiff's threat to report the circumstances, he went beyond the ordinary line of duty and inflicted the injury shown in this case. Davis v. Merrill, 133 Va. 69, 112 S.E. 628.

Second. Appellants also complain that the court's charge to the jury destroyed the effectiveness of two instructions which the court had given at appellants' instance. We have carefully examined the instructions and the court's charge, and we can find nothing in the latter to sustain this point. In both instructions the jury was told that, if Propst was acting in self-defense, or at the time of the assault was not acting in furtherance of the employers' interest and in the discharge of his duties, and committed the assault in a moment of heat and passion provoked by plaintiff's words and conduct, they should find for the defendants. In the main charge the court told the jury quite as much as this.

Upon the whole case, we are of opinion that the judgment on the verdict should be sustained.

Affirmed.