**FLEMING v. BRONFIN et al.**

**No. 1045.**

Municipal Court of Appeals for the
District of Columbia.

Argued April 16, 1951.

Decided May 15, 1951.

Earl H. Davis, Washington, D. C., with whom Harry J. Harth, Washington, D. C., on the brief, for appellant.

Richard W. Galiher, Washington, D. C., with whom Julian H. Reis, Washington, D. C., on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This appeal brings for review the action of the trial court in granting a motion for a directed verdict for the defendants at the conclusion of the opening statement to the jury by plaintiff's counsel. In his opening statement counsel stated that plaintiff expected to prove that she, a housewife, was a regular customer of a market or grocery store operated by defendants; that defendants advertised free delivery of purchases and plaintiff had availed herself of this service on various occasions, making her order by telephone and paying for the purchases on delivery; that on the day in question at about 1:00 o'clock in the afternoon she ordered several dollars worth of groceries which were delivered about two hours later at a time when she was alone in her apartment with her baby; that the delivery man, about thirty-eight years of age, carried the packages into the kitchen, received payment therefor, and then made an indecent attack upon her. Counsel further stated that he expected to prove that the delivery man, when engaged by defendants to do odd _____ around the market, had given a hard- _____ _____ting he had not eaten for

several days, and defendants had employed him without references and with no investigation of his character; that defendants knew the man was addicted to the use of vanilla extract as an intoxicating beverage and on a previous occasion had discharged him for getting drunk on vanilla extract.

■ In directing the verdict the trial court relied on the following statement from Park Transfer Co. v. Lumbermens Mut. Casualty Co., 79 U.S.App.D.C. 48, 142 F.2d 100: "A principal is not liable for his agent's tort unless it is 'within the scope of the agent's employment.' It is not within the scope of the employment if it is done for the agent's purposes only." We think it is rather plain that the attack, being made after delivery of the goods and payment therefor and having no relation to either delivery or payment, was not in furtherance of defendants' interests or in discharge of the employee's duties. Grimes v. B. F. Saul Co., 60 App.D.C. 47, 47 F.2d 409; cf. Dilli v. Johnson, 71 App.D.C. 139, 107 F.2d 669. Accordingly, we think the trial court's ruling was correct insofar as defendants' liability rested on the claim that the assault was committed within the scope of the employee's employment. However, the plaintiff sought to impose liability on another ground, i. e., negligence in the engaging and retention of an unfit employee.

■ One dealing with the public is bound to use reasonable care to select employees competent and fit for the work assigned to them and to refrain from retaining the services of an unfit employee. When an employer neglects this duty and as a result injury is occasioned to a third person, the employer may be liable even though the injury was brought about by the willful act of the employee beyond the scope of his employment. This principle has been applied in a variety of cases dealing with innkeepers, carriers, stores, apartment houses, and other businesses.[1] Many other cases while denying liability under the circumstances presented, have recognized the duty of using reasonable care in the selection of employees.[2] The cases relied on by appellee recognize the rule. In Argonne Apartment House Co. v. Garrison, 59 App.D.C. 370, 42 F.2d 605, the court in denying liability pointed out that there was no proof of negligence in the hiring of the employee; and in Rohrmoser v. Household Finance Corporation, 231 Mo.App. 1188, 86 S.W.2d 103, the opinion expressly stated that it was not charged that the employer was negligent in its selection of its employee.

In Restatement, Agency, § 213, Comment d, it is said that "if a principal, without exercising due care in selection, employs a vicious person to do an act which necessarily brings him in contact with others while in the performance of a duty, he is subject to liability for harm caused by the vicious propensity." And Restatement, Torts, § 302, Comment n, says one is liable "where he has brought into contact with the other, or intentionally caused the other to associate himself with, a person whom the actor knows or should know to be peculiarly likely to commit intentional or reckless misconduct; the association being one which creates temptation to, or affords peculiar opportunity for, such misconduct."

■ In view of the above stated principles we think there was a clear duty on defendants to use reasonable care in the selection of a delivery man. The duties of such employee carried him into homes where likely there would be women and children alone and unprotected and it was defendants' duty to use reasonable care to select one reasonably fit to perform such duties. The opening statement construed liberally and favorably to plaintiff, as it

1. E. g., Ledington v. Williams, 257 Ky. 599, 78 S.W.2d 790; Wishone v. Yellow Cab Co., 20 Tenn.App. 229, 97 S.W.2d 452; Swinarton v. Le Boutillier, 7 Misc. 639, 28 N.Y.S. 53, affirmed 148 N.Y. 752, 43 N.E. 990; Henderson v. Nolting First Mortgage Corp., 184 Ga. 724, 193 S.E. 347, 114 A.L.R. 1022; Hall v. Smathers, 240 N.Y. 486, 148 N.E. 654; F. & L. Mfg. Co. v. Jomark, Inc., 134 Misc. 349, 235 N.Y.S. 551; McCrink v. City of New York, 296 N.Y. 99, 71 N.E.2d 419.

2. E. g., Haskell v. Boston Dist. Messenger Co., 190 Mass. 189, 76 N.E. 215, 2 L.R.A.,N.S., 1091; Smothers v. Welch & Co. House Furnishing Co., 310 Mo. 144, 274 S.W. 678, 40 A.L.R. 1209.

must be,[3] raised questions of fact whether defendants had neglected their duty and whether such neglect resulted in injury to the plaintiff. It was therefore error to direct a .verdict.

Reversed.

3. Custer v. Atlantic & Pacific Tea Co., D.C.Mun.App., 43 A.2d 716.