**FLEMING v. BRONFIN et al.**

**No. 1445.**

Municipal Court of Appeals for the District of Columbia.

Argued March 15, 1954.

Decided April 13, 1954.

Earl H. Davis, Washington, D. C., for appellant.

Richard W. Galiher, Washington, D. C., with whom Julian H. Reis, Washington, D. C., was on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

A housewife sued the owners of a grocery store for damages, charging that she had been assaulted in her apartment by their delivery man.

When the case was first before the trial court a verdict was directed in favor of defendants on the opening statement of plaintiff's counsel. We reversed, holding: "The opening statement construed liberally and favorably to plaintiff, as it must be, raised questions of fact whether defendants had neglected their duty and whether such neglect resulted in injury to the plaintiff." We ruled that an employer may be liable when he fails to use due care in selecting an employee who comes in contact with the public, and continues to retain the services of an unfit employee, if such failure of care results in injury to a third party. Fleming v. Bronfin, D.C.Mun.App., 80 A.2d 915.

After our remand the case was tried to a jury which returned a verdict in favor of plaintiff. Defendants then moved for judgment notwithstanding the verdict under Municipal Court Rule 50(b) which (like F. R.Civ.P. 50, 28 U.S.C.A.) reserves for later ruling by the judge legal questions which have been submitted on motion for directed verdict. In a carefully prepared opinion the trial judge ruled the evidence was not sufficient to support the charge that defendants were negligent in employing the delivery man or to justify a finding that such negligence was the cause of plaintiff's injury.

The incident in question took place when a man named Soper was sent to deliver an order to plaintiff's apartment. After making change for her and talking to her baby he "grabbed" her by the breast and arm, and she ordered him out of the apartment. Testimony of plaintiff and her witnesses was to the effect that one of the defendants, Harry Bronfin, told them that while Soper was out on the delivery he found several empty vanilla extract bottles around the store, and that when Soper returned he discharged him. Harry Bronfin denied this, saying that he discharged him because of an insubordinate attitude in connection with a matter wholly unrelated to the incident at plaintiff's apartment. Plaintiff's husband also testified that Bronfin had later told him that on a previous occasion he had fired Soper for "bad character"—a statement which was not further explained, and which was denied by Bronfin.

On the question of care in investigating or employing Soper, the evidence was that Soper had worked in defendants' store from the fall of 1948 until February 25, 1949; that defendants had never had any trouble with him about drinking; that he never did or said anything unusual; that he was never under the influence of alcohol and never did anything that indicated that he would break the law; that defendants made no independent investigation of Soper except to telephone the Food Fair Store where Harry Bronfin had previously worked with him; that in the three, four or five years that Soper worked at Food Fair "he was always o. k., steady worker," and that "he always had a good record with them" and that he also knew Soper when he worked next door at a Safeway Store; and that they had never heard any complaints about his conduct towards women, or observed anything about his conduct which would cause any concern.

The case having now been presented in its full aspects, the legal question is whether the evidence was such as to support a verdict against defendants. Specifically, the question is whether there was any evidence that defendants were negligent in selecting and employing Soper or in retaining him in their service. The question has been decided in this jurisdiction. Argonne Apartment House Co. v. Garrison, 59 App. D.C. 370, 42 F.2d 605, 608. There an electrician's helper employed by an apartment house stole some jewelry while working in an apartment. The owner of the jewelry sued the apartment house company, charging, as the plaintiff in this case did, negligence in the selection and employment of the guilty workman. Verdict and judgment were rendered for plaintiff and a reversal followed. The court of appeals pointed out that the employer had examined two or three recommendations submitted by the prospective worker and these "appeared to the defendant to be all right," and after interviewing him thought the man would be satisfactory. The court said: "There was no evidence to show that a further investigation would have disclosed sufficient facts to put the defendant on notice as to the dishonesty of Johnson."

That is the situation in the case before us. There was no evidence that an investigation, however exhaustive, would have uncovered any information to put defendants on notice that Soper was not to be trusted around women, or that there would be the slightest risk in sending him on deliveries to homes or apartments where he would come in contact with female customers. A similar ruling was made in Bradley v. Stevens, 329 Mich. 556, 46 N.W.2d 382. There an employee of an automobile service station had sexually assaulted a female customer. It developed that the employer did not know or have any reason to believe when he employed the man, or at any time during his employment, of any tendency or propensity on his part to molest women, and that consequently the employer was not answerable for the assault.

■ Since it is clear beyond question that Soper's act was beyond the scope of his employment and not in furtherance of defendants' interests, they can only be held responsible as masters if it is established that they were negligent in selecting, employing or retaining him. This is the theory on which liability of a master is to be tested in situations like this, as is re-

flected in the cases we cited in our earlier opinion.[1]

 There we also quoted from Restatement, Agency, § 213, Comment d, "if a principal, without exercising due care in selection, employs a vicious person to do an act which necessarily brings him in contact with others while in the performance of a duty, he is subject to liability for harm caused by the vicious propensity." It seems clear that defendants had no knowledge, and that further investigation would have uncovered none, of any "vicious propensity" on the part of Soper to misbehave as he did. The evidence did not support the verdict, and the trial judge was right in ordering judgment for defendants.

Affirmed.

1. Ledington v. Williams, 257 Ky. 599, 78 S.W.2d 790; Swinarton v. Le Boutillier, 7 Misc. 639, 28 N.Y.S. 53, affirmed 148 N.Y. 752, 43 N.E. 990; Henderson v. Nolting First Mortgage Corp., 184 Ga. 724, 193 S.E. 347, 114 A.L.R. 1022; Hall v. Smathers, 240 N.Y. 486, 148 N.E. 654; F. & L. Mfg. Co. v. Jomark, Inc., 134 Misc. 349, 235 N.Y.S. 551.