**DISTRICT CERTIFIED TV SERVICE, INC., Appellant,**

v.

**Robert V. NEARY, Appellee.**

**No. 18976.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 5, 1965.

Decided June 3, 1965.

Petition for Rehearing en Banc and Petition for Rehearing before the Division Denied Oct. 7, 1965.

Mr. Paul J. Sedgwick, Washington, D. C., for appellant.

Mr. Landon Gerald Dowdey, Washington, D. C., for appellee.

Before FAHY, Circuit Judge, BASTIAN, Senior Circuit Judge, and BURGER, Circuit Judge.

PER CURIAM:

The undisputed facts reveal that Appellant's employee, one Singleton, while driving a truck leased from Hertz Co. by Appellant for use in its business, struck and damaged Appellee's unoccupied parked car. Hearing the noise, Appellee emerged from a nearby house and gave chase in his damaged auto. Singleton was without question leaving the scene without stopping to identify himself or for any other purpose.

Several blocks later, while both vehicles were stopped for a red light, Appellee got out of his car and told Singleton that he had struck Appellee's car; Singleton paid no attention, passed the red light and the chase continued. Whenever Appellee tried to overtake Singleton, the latter shifted lanes, making that impossible.

At the next stage of his odyssey, Singleton brushed a police officer on the hip after ignoring a stop sign. The officer then joined the hot pursuit at Appellee's invitation as a passenger in the latter's car. The pace of the pursuit then quickened, with both vehicles exceeding the speed limit and passing stop signs and red lights. Finally, both turned into a one-way street, Singleton being in the left lane and Appellee in the right. As the two vehicles pulled even, the officer shouted to Singleton to pull over. Appellant's truck then swerved to the right into Appellee's car, forcing it partially off the street. The chase continued further on wheels; still further

on foot, the police officer running after Singleton. Trapped, Singleton attacked the officer with a metal stanchion. The officer then ended the chase by shooting and wounding Singleton with two bullets. All this is undisputed.

Other facts were in dispute and were resolved by the jury. Appellant's president and manager testified Singleton had been expressly ordered not to drive the truck but in answer to special interrogatories the jury found (1) that Singleton was not driving the truck contrary to Appellant's express instructions; (2) that at the time of the original collision Singleton was engaged in collecting and/or delivering television sets belonging to Appellant's customers; (3) that the subsequent swerving—which forced Appellee's car off the road—was Singleton's intentional act; (4) that Appellee sustained injuries in the amount of $6750.00 as a result of that swerving.

■■ In our view of the case, we need not ascertain whether the jury responses to the special interrogatories have a basis in the evidence adduced at trial. The *undisputed* facts recited appear to us to require reversal of the District Court's conclusion that Singleton was engaged in his master's business when he swerved—intentionally as the jury found—into Appellee's car.[1] Singleton's extended flight following the first collision, involving reckless disregard of traffic regulations and human life, must be denominated his own "frolic" and none of Appellant's affair. Singleton's actions after his collision with the police officer and perhaps at all times after his contact with Appellee's car were essentially unlawful. His attempt

to use a weapon on the officer was in the same pattern; the jury affirmatively rejected any claim that the swerving of the car was merely negligent. It cannot by any stretch of the imagination be thought to have served his master's interest in any way.

■ Of course it is true that an employer may be liable in some circumstances for the intentional torts of his employee arising out of the employment. The leading case on the point in this jurisdiction is Dilli v. Johnson, 71 App. D.C. 139, 107 F.2d 669 (1939); and *Dilli* is heavily relied upon by Appellee to sustain the District Court's judgment. In that case,

> The assault occurred when plaintiff told * * * [the employee in charge] that his hamburger sandwich contained unground meat * * *. With this evidence before it, the jury was justified in finding that the servant, *whose duty it was * * * to adjust any disputes or differences with the customer,* was acting within the scope of his employment when he resented the complaint by violently attacking the plaintiff.

71 App.D.C. at 140, 107 F.2d at 670. (Emphasis added.) We think it is a long step, however, from the conduct of the employee in *Dilli* in "remedying" a customer's complaint to the conduct of Singleton here sought to be attributed to his employer. It is a step we decline to take.

The judgment of the District Court is reversed and the case remanded for the entry of judgment for Appellant.

Reversed.

---

1. Appellee argues that the duty of Singleton to stop and report his first collision was a duty of *his employment* and thus his flight was attributable to his employer; but that obligation is not primarily the obligation of the owner of the vehicle but rather of the *operator*. Whether the owner of a vehicle, not operating and not present is covered by the statute we need not decide.