■ CITY WIDE KNITWEAR PROCESSING CO., INC., Respondent, v COMPUK-NIT INDUSTRIES, INC., Appellant.—In an action to recover for the reasonable value of work, labor and services performed on goods furnished by defend-ant, defendant appeals from so much of a judgment of the Supreme Court, Queens County, dated May 14, 1975 and made after a nonjury trial, as (1) granted plaintiff the sum of $18,374.22, with interest and costs, and (2) dismissed its first, second and fourth counterclaims. Judgment modified, on the law and the facts, by striking therefrom the first decretal paragraph and by substituting therefor a provision granting plaintiff judgment in the amount of $8,425.50, with costs and interest, less the amount awarded to defendant on its third counterclaim. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and case re-manded to Trial Term for the entry of an appropriate amended judgment. In this action, plaintiff, a knitwear processing company, commenced suit against defendant for $18,374.22, representing the reasonable value of work, labor and services performed on goods furnished by defendant, and done at the latter's request. Plaintiff claims it agreed to dye defendant's goods at its own premises; after completion of the work, the goods were to be returned to defendant. On April 5, 1972 a fire, which was not caused by any neglect or fault on the part of plaintiff, destroyed its plant. Of the total amount of $18,374.22 claimed by plaintiff for work it completed prior to the fire, the sum of $9,948.72 was sought for work allegedly completed on over 18,000 pounds of defendant's goods (at a price of 55 cents per pound) which were destroyed in the fire and, consequently, not returned to defendant. After a

nonjury trial, Trial Term, *inter alia,* awarded judgment to plaintiff for the full amount sought, $18,374.22. In our view, the trial court erred insofar as it awarded plaintiff judgment for work performed on defendant's goods which were destroyed in the fire. The trial court properly determined that the bailment at bar was one for the mutual benefit of the bailor and bailee. In this type of bailment "if, while the work is doing on a thing belonging to the employer, the thing perishes by internal defect or inevitable accident, without any default of the workman, the latter is entitled to compensation to the extent of his labor actually performed on it, unless his contract import a different obligation" *(Cohen v Moshkowitz,* 17 Misc 389, 390; *Weiss v Rothblatt,* 161 NYS 69). Nevertheless, it is our view that plaintiff failed to prove its case on this particular claim by a fair preponderance of the evidence. The invoice and supporting papers for the work claimed to have been done by plaintiff were dated April 4, 1972. Plaintiff produced one witness, its president, who did not have any personal knowledge that the work had been completed on these goods prior to the fire; he didn't know when the orders were actually received or who had received them on behalf of plaintiff. He did, however, testify as to his billing procedures, the length of the business day at his plant, the nature and capacity of each of his two dyeing machines and the length of each dyeing cycle. Viewing this testimony in its most favorable light, and even accepting plaintiff's testimony that billing could have preceded completion of the work, it is clear from the record on this appeal that plaintiff could not have completed dyeing over 18,000 pounds of defendant's goods prior to their destruction in the fire. Defendant produced two witnesses. The first, its president, testified from personal knowledge that plaintiff's machines could not go through as many cycles in one day as claimed by plaintiff's witness. Defendant's second witness, its production manager, testified that he was responsible for placing dye orders with plaintiff and that, while he communicated with plaintiff on April 4, 1972 about his need for certain work, he did not transmit the first part of the actual dye order to plaintiff until 10 P.M. that night, when he gave it to an employee of plaintiff who had come to his home to pick it up. Under these facts, it is our view that plaintiff failed to meet its burden of proving by a fair preponderance of the evidence that it had completed dyeing work on over 18,000 pounds of defendant's goods which were destroyed in the fire. Consequently, the judgment should be modified accordingly. Gulotta, P. J., Latham, Margett, Damiani and Christ, JJ., concur.