Mesafint BEYENE, Appellant

v.

HILTON HOTELS CORPORATION,
Appellee.

No. 13–7137.

United States Court of Appeals,
District of Columbia Circuit.

July 25, 2014.

Mesafint Beyene, Silver Spring, MD,
pro se.

Joseph Erwin Schuler, Matthew Frederick Nieman, Jackson Lewis PC, Reston, VA, for Appellee.

BEFORE: ROGERS, BROWN, and KAVANAUGH, Circuit Judges.

## *JUDGMENT*

Upon consideration of the record from the United States District Court for the District of Columbia and the briefs filed by the parties; the motion to subpoena, the supplement thereto, and the opposition; and the motion for appointment of counsel and the supplement thereto, it is

**ORDERED** that the motion to subpoena be denied. It is

**FURTHER ORDERED** that the motion for appointment of counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's orders filed September 30, 2011, and August 5, 2013, be affirmed. The district court properly determined that appellant failed to exhaust his administrative remedies with respect to his religious discrimination and pay disparity claims because the administrative charge did not give appellee notice of the claims. See *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C.Cir.1995). The grant of summary judgment on exhaustion grounds was without prejudice. See *Murthy v. Vilsack*, 609 F.3d 460, 466 (D.C.Cir. 2010). The district court properly held that there is insufficient evidence in the record for a reasonable juror to find that appellee discriminated or retaliated against appellant, or fostered a hostile working environment, based on his membership in a protected class. *See* Fed. R.Civ.P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Stewart v. Evans*, 275 F.3d 1126, 1133 (D.C.Cir.2002) ("Title VII does not prohibit all forms of workplace harassment, only those directed at discrimination because of [membership in a protected class]."). Because appellant makes no arguments on appeal regarding his intentional infliction of emotional distress and invasion of privacy claims, they are forfeit. *See S. Cal. Edison Co. v. FERC*, 603 F.3d 996, 1000 (D.C.Cir.2010). Additionally, because appellant only raises arguments regarding his negligent hiring claim for the first time in the reply brief, this court will not consider them. *See Students Against Genocide v. Dep't of State*, 257 F.3d 828, 835 (D.C.Cir.2001). The district court properly granted judgment as a matter of law on the negligent retention claim because appellant did not introduce sufficient evidence for a reasonable juror to find that he was assaulted subsequent to appellee's decision to retain his coworkers as employees. *See* Fed. R.Civ.P. 50(b); *Fleming v. Bronfin*, 80 A.2d 915, 917 (Mun.Ct.App.D.C.1951); *see also* Fed. R.App. P. 10(a) (the record on appeal consists solely of the original papers and exhibits filed in district court, the

transcript of the proceedings, and the certified copy of the docket).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.