## GRIMES v. B. F. SAUL CO., Inc.

No. 4975.

Court of Appeals of District of Columbia.

Submitted Dec. 3, 1930.

Decided Jan. 6, 1931.

410

Joseph N. Jones, of Washington, D. C., for appellant.

G. Percy McGlue and Thomas F. Burke, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

An appeal from a judgment sustaining a demurrer to the second amended declaration of the appellant as plaintiff below and dismissing the action at appellant's costs.

The sole question raised by the record is whether the lower court erred in sustaining the demurrer to the declaration.

It is alleged, in substance, by the declaration, that the defendant, B. F. Saul Company, Inc., is a corporation engaged in a general real estate business in the District of Columbia, and that in the conduct of its business it controls the rental, repairs, and upkeep of a certain described apartment house in the District, and employs janitors therefor; that defendant employed the husband of plaintiff as such janitor, and that plaintiff and her husband were provided with living quarters in the building; that at the same time the defendant employed an agent, servant, and employee to make an inspection of the building with reference to certain needed repairs; that the agent thereupon came to the house one day about 3 o'clock in the afternoon, in the absence of plaintiff's husband, and, while professing to make an inspection of the building, he entered the living quarters of the plaintiff in the apartment house and made a violent assault upon plaintiff with intent to commit a rape upon her person; that plaintiff resisted and defended herself against this assault, and in consequence suffered great and permanent physical injury as well as mental shock, for which she prayed judgment in damages against the defendant corporation.

In our opinion the foregoing allegations do not set out facts sufficient to constitute a cause of action in favor of the plaintiff against the defendant corporation. The statement does not disclose that the wrongful act of the defendant's agent or servant was done in the furtherance of the employer's business, or within the scope of the agent's employment. It was an independent trespass of the agent, utterly without relation to the service which he was employed to render for the defendant. In such case the employer is not liable.

"The act of a servant done to effect some independent purpose of his own and not with reference to the service in which he is employed, or while he is acting as his own master for the time being, is not within the scope of his employment so as to render the master liable therefor. In these circumstances the servant alone is liable for the injury inflicted." 39 C. J. p. 1295.

"Of course, the moment the agent turns aside from the business of the principal and commits an independent trespass, the principal is not liable. The agent is not then acting within the scope of his authority in the business of the principal, but in the furtherance of his own ends." Axman v. Washington Gaslight Co., 38 App. D. C. 150, 158.

"When a servant steps aside from the master's business and does an act not connected with the business, which is hurtful to another, manifestly the master is not liable for such an act, for the reason that having left his employer's business, the relation of master and servant did not exist as to the wrongful act. * * * The general idea is that the employee at the time of doing the wrongful act, in order to fix liability on the employer, must have been acting in behalf of the latter and not on his own account." 18 R. C. L. pp. 796, 797.

The same authority states: "Whether the act was or was not such as to be within the employment's scope is ordinarily one of fact for the jury's determination. But if the departure from the employer's business is of a marked and decided character the decision of the question may be within the province of the court."

We think this case clearly falls within the latter description, and that the ruling of the lower court was correct.

The judgment is affirmed, with costs.