Robert THAW, Plaintiff-Appellant,

v.

BOARD OF PUBLIC INSTRUCTION OF DADE COUNTY, FLORIDA, et al., Defendants-Appellees.

No. 29488

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 22, 1970.

Rehearing Denied and Rehearing En Banc Denied Oct. 26, 1970.

Tobias Simon, Miami, Fla., for plaintiff appellant.

Samuel S. Forman, Bolles, Goodwin, Ryskamp & Ware, P. A., Miami, Fla., for defendants-appellees.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

THORNBERRY, Circuit Judge:

The sole question before the Court on this appeal is whether a probationary teacher is entitled to a hearing upon a School Board's nonrenewal of his contract when the teacher fails to allege the violation of a constitutionally protected interest by the Board's action.

Robert Thaw, the appellant, was in his third year of teaching for the Dade County School Board under an annual contract, and was eligible for a "continuing contract" tantamount to "tenure" beginning with the fourth year providing he met the requirements of Section 231.-36 of the Florida Statutes, F.S.A. One of the requirements of this statute is that

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F. 2d 409, Part I.

a teacher be "recommended by the county superintendent for * * * [a] continuing contract based on successful performance of duties and demonstration of professional competence. * * *" During this third year of service, the principal of the school where Mr. Thaw was employed recommended that Mr. Thaw "be separated" at the end of his probationary status and that he not be awarded a continuing contract because "on many occasions Mr. Thaw * * * left his class for a period of time * * * [and] in several instances ignored the school's disciplinary procedures." Following this recommendation, the Board of Public Instruction withheld reappointment for the fourth year.

Mr. Thaw asked the court below, and he now asks this Court, to require the Dade County Board of Public Instruction to grant him a hearing on the nonrenewal of his contract at which he may have an opportunity to refute the charges against him. The district court held against Thaw, on the school board's motion to dismiss. We do not believe that on the facts of this case a school board should be required to hold a hearing, and we therefore affirm.

■ The authority in this Circuit requires school boards to provide notice and hearing before dismissing a public schoolteacher or college professor in either of two types of cases. The first type is that of a schoolteacher who has "tenure" or a reasonable expectation of reemployment. Ferguson v. Thomas, 5th Cir. 1970, 430 F.2d 852. A public schoolteacher falling into this category may not be dismissed unless the school board first affords him a hearing at which the reasons for his termination are stated and the teacher is given an opportunity to refute the charges against him. This basic requirement protects the public schoolteacher who has been led to expect

that he will be reemployed from being arbitrarily dismissed.

■ The second type of case in which a school board has been required to provide a hearing is that of a schoolteacher who has no tenure or expectancy of reemployment, but who asserts that he has been dismissed for constitutionally impermissible reasons, either solely because of race or religion, or because he has attempted to exercise his first amendment rights. Pred v. Board of Public Instruction, 5th Cir. 1969, 415 F.2d 851.

■ The schoolteacher in the instant case falls into neither of these categories. He offers no proof of any reasonable expectation of reemployment under the Florida statute, and he clearly has no tenure. Rather, appellant concedes in his brief that he is a "probationary" teacher. As a matter of fact, appellant is in exactly the same position as the schoolteachers in *Pred, supra.* They, too, were employed under the terms of the same Florida statute, and were working for the Dade County Board of Public Instruction in their third and final year of probation. We expressly stated in that case that under such circumstances no right to reemployment exists. The right protected in *Pred* was rather a constitutional right, and this is the critical distinction between that case and ours. Appellant has asserted the violation of no constitutional rights here.[1] He alleged in his complaint that he was discharged because of a personal disagreement with his principal, and the record discloses that the principal recommended the nonrenewal of appellant's contract because appellant was performing his teaching duties unsatisfactorily. Neither of these reasons falls within the ambit of constitutionally protected activities.

■ While asserting no violation of constitutional rights on his own, appellant argues that a hearing must be held to assure that the "real basis for separa-

---

1. In his complaint below, appellant invoked jurisdiction of the court on the basis of the First and Fourteenth Amendments. Nowhere else in the complaint did he allege a first amendment violation, however, and at oral argument he agreed that he was alleging none.

tion is [not] bottomed on conduct that is or should be constitutionally protected." We cannot agree. Surely appellant would know whether he has been participating in constitutionally protected activities that might be irritating to school authorities. It is not too much to ask that appellant allege in his complaint a possible violation of constitutional rights, if a basis for such an allegation exists. Sindermann v. Perry, 5th Cir. 1970, 430 F.2d 939. It *would* be too much to ask the school board to hold a hearing every time it determines not to renew the contract of a probationary teacher, or even every time a terminated teacher requests a hearing without alleging unconstitutional action. The record in the instant case discloses that appellant's termination was one of 1487 that were approved by the school board at its meeting. To require a hearing for each of these, when no possibility of unconstitutional action on the part of the school board exists, would place an intolerable burden on the board. Moreover, it would give no advantage to the schoolteacher, for if he asserts no unconstitutional action he would have no basis for appealing the school board decision after the hearing.

Finally, the requirement proposed by appellant would nullify the probationary system, whose purpose is to provide the school board a short-term test period during which the fledgling teacher may be examined, evaluated, and, if found wanting for any constitutional reason, not rehired.

We are not prepared to require the school board to go through procedures when there is no possibility that the procedures would disclose conditions we would want to scrutinize for constitutional reasons. We affirm.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.