Marilyn COCHRAN, Plaintiff,

v.

Newell ODELL, individually and in his official capacity as Executive Director of the Region XV Education Center, et al., Defendants.

Civ. A. No. 6–270.

United States District Court,
N. D. Texas,
San Angelo Division.

Nov. 30, 1971.

Larry Watts and John Abbott, Houston, Tex., for plaintiff.

Griffis, Williams, Goodwin & Harrison, by Donald W. Griffis, San Angelo, Tex., for defendants.

## MEMORANDUM DECISION AND JUDGMENT

ESTES, Chief Judge.

On the 29th day of November, 1971, upon due notice, this action came on for hearing before the Court.

Plaintiff, Marilyn Cochran, alleging that jurisdiction exists under 28 U.S.C. §§ 1343(3) and 1343(4) and under 28 U.S.C. § 1331, brings this action for redress of alleged deprivation of rights protected by 42 U.S.C. § 1983 and by the Constitution of the United States. Declaratory relief is also sought pursuant to 28 U.S.C. §§ 2201, 2202. Plaintiff alleges that the amount in controversy exceeds $10,000.00, exclusive of interest and costs.

Plaintiff is a school teacher certified by the State of Texas as a qualified classroom instructor in the public school system of the State of Texas. Defendants are Newell Odell, individually and in his official capacity as Executive Director of the Region XV Education Center; Russell Callan, Raymond Pipkin, Frank Junell, Cecil Woodward, Ray Alderman, William E. Adams and Mauro Paz, individually and in their official capacities as members of the Board of Directors of the Region XV Education Center, and the Region XV Education Center, a political subdivision of the State of Texas.

Plaintiff alleges that she was discharged from her position as art consultant for Region XV Education Center without proper notice and hearing as required by the due process clause of the fourteenth amendment to the United States Constitution. For the alleged violation of her right to due process, plaintiff seeks the equitable remedies of reinstatement, back pay from date of discharge to the entry of final judgment, and attorneys' fees against the members of the Board of Directors in their official capacities and against Newell Odell in his official capacity. Plaintiff also seeks a declaration that the acts of the defendants in terminating her employment at the Region XV Education Center were in violation of the laws and Constitution of the United States, and she seeks a preliminary and permanent injunction restraining defendants from unfavorably recommending plaintiff for other teaching positions or any other form of gainful employment and from attempting to seek the revocation of plaintiff's teaching certificate.

Plaintiff further alleges that her employment was terminated because she would not submit to improper advances made to her by Defendant Odell, who was allegedly responsible for recommending to the Board of Directors that her employment be terminated. Plaintiff seeks compensatory and exemplary damages allegedly caused by such conduct against Defendant Odell in his individual capacity. Plaintiff withdrew and dismissed her claims against the defendants, members of the Board of Directors of Region XV Education Center in their individual capacities. Presently pending in the 51st Judicial District Court of Tom Green County, Texas, is a cause of action, No. 36,789–A, filed July 20, 1970, styled Robert Cochran et ux v. Newell H. Odell, in which the allegations against Defendant Odell regarding his improper advances to plaintiff are essentially the same as those made by her in this case now before this Court.

■ Region XV Education Center and its Board of Directors are not liable for the alleged improper advances of Defendant Odell, since such conduct would be outside the scope of his employment as Executive Director of the Region XV Education Center. This Court will not assume jurisdiction of plaintiff's tort action against Defendant Odell, since both of the parties are citizens of the State of Texas; and such claims asserted against Defendant Odell are hereby DISMISSED for failure to establish a substantial federal question, and without prejudice to plaintiff's State Court action in No. 36,789–A, Robert Cochran et ux v. Newell H. Odell. City of Green Cove Springs v. Donaldson, 348 F.2d 197, 202 (5 Cir. 1965).

■■ Jurisdiction in this Court must be founded upon the alleged violation of procedural due process arising out of the failure of the Board of Directors to provide plaintiff with proper notice and hearing at the time of the termination of her employment. However, the credible evidence before this Court shows that plaintiff's right to due process has not been violated. Plaintiff, upon learning of the termination of her employment,

sought the aid of counsel. She was represented by an able attorney in negotiations to compromise and settle the claim she had against Region XV Education Center and its officers and directors arising out of such termination, and she accepted and cashed a check in the amount of $1250.00 from the Region XV Education Center Board of Directors. The check bore the following notation: "The position of Art Consultant has been terminated. The 2½ months salary is being paid in lieu of ample notice for professional readjustment because of consolidation of jobs." Plaintiff's attorney informed her that she could pursue her rights against the Board of Directors and Executive Director Newell Odell or that she could accept the check in settlement of the claims arising out of her termination. When plaintiff accepted payment from the Board of Directors, she made a knowing waiver of any right to notice and hearing before the Board and made a complete settlement of her claims against Region XV Education Center, its Board of Directors and Executive Director Newell Odell arising out of her termination.

Furthermore, plaintiff was terminated because of a good-faith decision by the Board of Directors of Region XV Education Center to combine the plaintiff's position as Graphic Arts Consultant with another position requiring qualifications additional to those of Graphic Arts Consultant.

The ByLaws and Policies of the Board of Directors Education Center—Region XV, San Angelo, Texas, provide: "For professional employees, the first year of employment shall constitute a probationary period." It is clear that the intent of this provision is to place on probation professional employees for their first year of employment. The minutes of the Board show that the Board hired plaintiff as a new employee for the school year 1968–69, starting September 1, 1968. Under the provisions of the By Laws of the Board of Directors, plaintiff was a probationary employee, and she was not entitled under the laws of the United States or the Constitution of the United States to a hearing prior to her termination. Thaw v. Board of Public Instruction of Dade County, Florida, 432 F.2d 98 (5 Cir. 1970); Freeman v. Gould Special School Dist. of Lincoln County, Ark., 405 F.2d 1153 (8 Cir. 1969).

Plaintiff has failed to establish by credible evidence that defendants have deprived her of any rights, privileges or immunities secured by the Constitution and laws of the United States.

Plaintiff has failed to prove by credible evidence any deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution or laws of the United States.

Plaintiff has failed to sustain by credible evidence a claim within the jurisdiction of this Court, and

It is ordered and adjudged that this action is hereby dismissed on the merits and that the defendants recover of the plaintiff their costs of action.