**Corene Antoinette LYON, Plaintiff,**

v.

**Michael CAREY et al., Defendants.**

**Civ. A. No. 366–73.**

United States District Court,
District of Columbia.

June 20, 1974.

Leonard L. Lipshultz, Washington, D. C., for plaintiff.

Joseph S. McCarthy, Rockville, Md., for defendants.

## MEMORANDUM OPINION

PARKER, District Judge.

Following a trial by jury, a verdict was rendered against defendants George's Radio and Television Co., Inc. and Pep Line Trucking Co., Inc., and the plaintiff was awarded damages of $33,-000. The Court is now called upon to determine a timely motion of those defendants for judgment notwithstanding the verdict under Rule 50(b) F.R.Civ. Proc.

The plaintiff sought to recover damages for assault, battery and rape

when an employee of Pep Lines attacked her while delivering merchandise which the plaintiff's sister had purchased from George's. The incident took place when the plaintiff was alone in her sister's apartment, for the sole purpose of receiving the delivery which was anticipated the day of the incident. The plaintiff and the employee were complete strangers to each other and the testimony did not show that the plaintiff provoked the employee's action in any way. The plaintiff sustained permanent physical scarring about her face and body from a sharp instrument used by the employee during the course of the attack. There were also clear indications that the plaintiff was affected emotionally by the employee's attack.

While several theories of negligence were advanced by plaintiff's counsel at the pretrial and trial of this proceeding, the sole issue submitted to the jury was whether at the time of the incident the defendants' employee was engaged within the scope of his employment and furthering their business interests. The defendants moved for a directed verdict at the close of the plaintiff's case as well as at the conclusion of the trial. The employer argues that the delivery man's conduct was not within the scope of employment as a matter of law; that the Court should have decided that issue; that therefore no issue should have remained in the case for resolution by the jury. The plaintiff contends that the usual rule that "scope of employment" is a factual matter for determination by the jury was properly applied here and that the jury verdict should not be disturbed. The Court has considered the memoranda of points and authorities of the parties and concludes that the situation here presented does not warrant application of the doctrine of *respondeat superior* as a matter of law, and the motion of the defendants is granted.

The plaintiff contends that a showing that the assault was actuated in whole or in part by a purpose to serve the master is sufficient to bring into play the doctrine of *respondeat superior,* and that such a showing would suffice without regard to the form and end result of the assault.

The defendant argues, however, that the nature of the assault was relevant in determining whether or not such an assault could ever occur within the scope of employment, and that an assault of the type involved is a personal act of the employee completely divorced from his employers' business and far short of furthering their interests. Accordingly they contend they are free from any liability.

The law of agency as it is restated theoretically and as it has been applied in the District of Columbia and elsewhere reveals the weakness of the plaintiff's argument. While both sources hold that an act may be within the scope of employment although consciously criminal or tortious,[1] such acts are viewed as foreign to the scope of employment in general, and must be viewed in the light of other factors.[2] The more serious the behavior and the graver the social sanctions, the less likely that behavior is to be associated with an employer's expectations. Thus the Restatement by way of comment notes that "a gardener using a small stick in an assault upon a trespassing child to exclude him from the premises may be found to be acting within the scope of the employment; if, however, the gardener were to shoot the child for the same purpose, it would be difficult to find the act within the scope of employment."[3]

The "scope of employment" concept is intended to be a flexible guideline to be used by a jury in allocating liability for the losses stemming from

1. Restatement (Second), Agency § 231; Dilli v. Johnson, 71 App.D.C. 139, 107 F.2d 669 (1939).

2. See Restatement (Second), Agency § 229.

3. Restatement (Second), Agency § 231, comment (a).

the acts of a careless, disobedient or quarrelsome employee. But as noted by our Appeals Court "if the departure from the employer's business is of a marked and decided character the decision of the question may be within the province of the court." Grimes v. B. F. Saul Co., 60 App.D.C. 47, 47 F.2d 409, 410 (1931). The nature of the assault in the present case is quite remote from actions of a sort which an employer should reasonably expect and appears to be clearly outside the field of allocable risks.

In *Grimes* a janitor's wife was assaulted indecently by an inspector employed by the management company. The man gained entrance to the building on the pretext of making inspections. The assault was held outside the scope of employment as a matter of law. Similar results were reached where a grocery deliveryman assaulted a housewife. Fleming v. Bronfin, 80 A.2d 915, 917 (D.C.Mun.App.1951). In City of Green Cove Springs v. Donaldson, 348 F.2d 197 (5th ·Cir. 1965), the court found it outside the scope of employment, as a matter of law, when a city policeman raped ·a detainee in a city police car, and a Texas District Court held that, as a matter of law, a school administrator's improper advances towards a teacher seeking extension of employment were outside the scope of employment. Cochran v. Odell, 334 F.Supp. 555, 556 (N.D.Tex.1971).

The cases upon which plaintiff relies are as remote from the situation in this case as that of the gardener with the stick is from the gardener with the gun. In each the assault grew out of a situation which was part of the work responsibility of the employee or was committed with an instrumentality furnished by the employer, or came about in a readily foreseeable way. A finding in the instant case that the employee's behavior was within the scope of employment would be an imposition of a duty of strict liability on these employers akin to that imposed on common carriers. As such it would be a substan-tial alteration in the doctrine of *respondeat superior* with concomitant legal and economic repercussions.

This Court does indeed have great sympathy for the plaintiff and it is with reluctance that this conclusion is is reached for she is left without any redress for an injury which has left permanent physical and psychological scars.

Accordingly, this 20th day of June, 1974, the Court grants the motion of the defendants that the verdict of the jury in this action be, and hereby is, set aside; judgment is entered for the defendants and this cause is dismissed.