**Frank L. EASTLAND, Individually and on behalf of all others similarly situated, et al., Plaintiffs,**

v.

**TENNESSEE VALLEY AUTHORITY et al., Defendants.**

**Civ. A. No. 73-G-487-NW.**

United States District Court,
N. D. Alabama,
Northwestern Division.

Dec. 31, 1974.

U. W. Clemon, Adams, Baker & Clemon, Birmingham, Ala., Joel L. Selig, Washington, D. C., Lawyers' Committee for Civil Rights Under Law, Susan W. Reeves, Birmingham, Ala., for plaintiffs.

Herbert S. Sanger, Jr., Gen. Counsel, Justin M. Schwamm and Charles W. Van Beke, Asst. Gen. Counsel, James E. Fox, Atty., Knoxville, Tenn., for Tennessee Valley Authority.

Bernard E. Bernstein, Bernstein, Dougherty & Susano, Knoxville, Tenn., for Salary Policy Employee Panel.

George C. Longshore, Cooper, Mitch & Crawford, Birmingham, Ala., for Tennessee Valley Trades & Labor Council.

## AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

GUIN, District Judge.

The Findings of Fact and Conclusions of Law heretofore filed in the above-styled case on September 30, 1974, and amended on October 11, 1974, are further amended by the following:

### FINDINGS OF FACT

1. On May 21, 1973, plaintiff Frank L. Eastland filed his complaint for an injunction against racial discrimination, for hiring, training and promoting sufficient numbers of blacks to overcome the effects of past discrimination; and for monetary compensation for losses suffered through the alleged racial discrimination. Plaintiff seeks to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Equal Employment Opportunity Act of 1972 (Pub.L. 92–261, March 24, 1972); the Civil Rights Act of 1866, 42 U.S.C. § 1981; Executive Order 11478, 34 F.R. 12985; and the fifth amendment to the United States Constitution.

2. Plaintiff Eastland was an applicant for employment as an airplane (helicopter) pilot with the Division of Property and Supply of the Tennessee Valley Authority, a corporation wholly owned by the government of the United States.

3. Plaintiff was not appointed to the position to which he had applied. He initiated a formal administrative complaint of racial discrimination with the T.V.A.'s Office of Equal Employment Opportunity on May 1, 1972, pursuant to 42 U.S.C. § 2000e–16(a) and Executive Order 11478. He was notified of an adverse ruling on December 20, 1972, and filed an appeal with the Civil Service Commission on December 29, 1972. The Civil Service Commission gave notice of its adverse ruling on April 19, 1973. Plaintiff Eastland filed this action with the United States District Court, Northern District of Alabama, on May 21, 1973.

4. The original complaint was amended October 9, 1973, to include the addition of plaintiffs: Louie J. Sheffield, Andrew V. Oates, Sam Cohen, Jr., Houston T. Fuqua, Melvin M. Puryear, Thomas Vinson, William N. James, Isiah Fitzgerald, John B. Ricks, Robert H. Nash, and Robert Littleton, Jr., all black employees of T.V.A., to the class action complaint of plaintiff Eastland.

5. The complaint was further amended on October 9, 1973, to add the T.V.A. Trades and Labor Salary Policy Employee Panel as party defendant.

6. Plaintiff John B. Ricks complained of a denial of training and promotion in favor of persons with less seniority and education. He was promoted shortly thereafter, and on August 12, 1971, officially withdrew his complaint.

7. Plaintiff Robert H. Nash filed an administrative complaint in 1969. There was an adverse ruling. He filed a court action to review the correctness of the administrative determination. His action was dismissed with full prejudice on April 14, 1972.

8. Plaintiff Robert Littleton, Jr., claimed racial discrimination by a T.V. A. physician who imposed a medical restriction for a congenital abnormality in his spine which resulted in plaintiff's removal from the boilermaker's apprentice program. A hearing was conducted on September 1, 1970, with the T.V.A.'s Office of Equal Employment Opportunity. The final agency decision was rendered on October 29, 1970, denying the relief sought. Timely appeal was made to the United States Civil Service Commission Board of Appeals and Review, which affirmed the final decision on April 5, 1971. No further action was taken by plaintiff Littleton.

9. Plaintiff Isiah Fitzgerald was employed by T.V.A. in the processing and technical section. Plaintiff Fitzgerald complained that he had been promoted to a higher-paying class "A" job on a temporary basis, when a permanent-nature advancement was warranted, and that he had been subsequently returned to a permanent class "B" position. Furthermore, during this period white non-veterans were giving training and promotion opportunities which were denied to him. His initial complaint was filed July 24, 1972. Plaintiff waived a formal hearing and requested a review of the administrative file. On February 5, 1973, a finding that the evidence did not support the claim was rendered. No further action was attempted.

10. Plaintiff Louie J. Sheffield, on March 3, 1973, filed a complaint of racial discrimination with the Muscle Shoals office of T.V.A.'s Office of Equal Employment Opportunity, alleging a failure to be promoted or reclassified due to racial discrimination. Plaintiff Sheffield was promoted following the lifting of an administrative "freeze" on promotions. He waived a hearing in favor of a review of the administrative record, which was decided adversely to plaintiff on September 28, 1973, expressly denying plaintiff Sheffield's claims of racial discrimination prior to 1969, as such actions were beyond the period of review allowed by Equal Employment Opportunity Commission regulations. No appeal was taken with the United States Civil Service Commission Board of Appeals and Review.

11. Plaintiff William N. James filed his administrative complaint on August 22, 1973, alleging three separate claims of racial discrimination. His first claim was rejected since it related to a labor grievance he had initiated earlier and in which his claim had been refused. His second claim was ruled moot on August 22, 1973. His final claim was barred by *res judicata* since he had litigated a similar claim in 1972.

12. Plaintiffs Andrew V. Oates, Sam Cohen, Jr., Houston T. Fuqua, Melvin M. Puryear, and Thomas Vinson were employees of the phosphate branch of T.V.A.'s Division of Chemical Operations, whose administrative complaints were processed, investigated and decided as a group. The initial filing was on June 18, 1971, alleging failure of promo-

tion and denial of training opportunities as a result of racial discrimination. The plaintiffs waived a hearing in favor of a review of the administrative record by the T.V.A. Director of Equal Employment Opportunity. A final agency order dated August 1, 1972, denied relief, as the evidence did not support the claim. Timely appeal was made to the United States Civil Service Commission Board of Appeals and Review, which affirmed the T.V.A. decision on December 19, 1972.

As their initial administrative complaint, filed under Executive Order 11478, was prior to the 1972 amendment to Title VII of the Civil Rights Act of 1964, it is plaintiffs' contention that the Civil Service Commission was under an affirmative duty to inform the plaintiffs of their statutory right to appeal to the district court following notice of final agency action. As a result of the Civil Service Commission's failure to give notice, the plaintiffs claim that they relied to their detriment in not further exhausting their administrative remedies.

13. Throughout the administrative process, each plaintiff certified his own administrative complaint, and it was not until this appeal to the United States District Court that any attempt was made to certify a class action suit.

14. Defendants Tennessee Valley Authority, Aubrey J. Wagner, and Dr. Louis B. Nelson moved for dismissal, or in the alternative for summary judgment.

15. Defendant T.V.A. Trades and Labor Salary Policy Employee Panel is composed of five organizations representing certain T.V.A. salaried employees, and is recognized by T.V.A. as the collective bargaining agent for T.V.A. employees. Defendant T.V.A. Trades and Labor Salary Policy Employee Panel moves to dismiss for failure to state a claim upon which relief can be granted and for summary judgment; misjoinder of parties; failure to state proper grounds for a class action.

## CONCLUSIONS OF LAW

1. This action was brought pursuant to the Equal Employment Opportunity Act of 1972, 86 Stat. 103 (1972), 42 U.S.C. § 2000e *et seq.* (Supp. II, 1972) which makes Title VII of the Civil Rights Act of 1964, 78 Stat. 253, 42 U.S.C. § 2000e *et seq.*, as amended, applicable to the federal government. In the alternative, plaintiffs seek relief under the Civil Rights Act of 1866, 42 U.S.C. § 1981, as implemented by Executive Order 11478 and the fifth amendment to the United States Constitution. Plaintiffs are ten black employees of the Tennessee Valley Authority (hereinafter T.V.A.) and two black applicants for employment with T.V.A.

2. It has long been established that as a jurisdictional condition precedent to any action in a federal court, a party must exhaust all available administrative remedies. *Chiriaco v. U. S.,* 339 F.2d 588 (5th Cir. 1964). This position was recently reaffirmed by the Fifth Circuit in *Penn v. Schlesinger,* 490 F.2d 700 (1974), in which the court cites to its earlier decision of *Beale v. Blount,* 461 F.2d 1133 (5th Cir. 1972):

> We adhere to the time-tested requirement that available administrative remedies be exhausted prior to the institution of a mandamus action. The federal bureaucracy's efforts to police its own practices with respect to discrimination in employment on the basis of race should not be undermined. This would be the predictable effect of sanctioning resort to the federal courts before completion of the administrative review process. 461 F.2d at 1139.

It should also be noted at this point that this court is of the opinion that the administrative remedies established under the Equal Employment Opportunity Act of 1972 may not be disregarded by bringing suit under 42 U.S.C. § 1981. The majority opinion in *Penn, supra,* stated that a federal employment discrimination suit cannot be equated

with a private sector action under § 1981 whereby a plaintiff may bypass his Title VII administrative remedies. Although the Fifth Circuit sitting *en banc* recently reversed its earlier ruling on the basis of Judge Godbold's dissent in the prior case and held that the plaintiffs therein had not been denied the right to available administrative remedies, there is no language contained in that opinion which would negate the earlier holding as regards the issue of exhaustion. *Penn v. Schlesinger*, 497 F.2d 970 (5th Cir. 1974). It appears that this is a sound distinction, considering the scope of the administrative remedies available to a private sector employee as opposed to those available to a federal employee. Also to be considered is the fact that the detailed administrative process for federal employees outlined by Congress in the amended Title VII would be rendered useless if the suit were allowed to proceed under § 1981.

3. In the present action, plaintiffs Eastland and Sheffield are the only parties who have completely exhausted their administrative remedies and timely filed their appeal with this court. The remaining ten plaintiffs may be classified into three groups for purposes of convenience and clarity. This classification is based upon the time period during which each of these plaintiffs brought his original administrative complaint.

■ The first group, including Nash, Ricks and Littleton, filed their claims and received a final agency determination prior to the March 24, 1972, amendment to the 1964 Civil Rights Act. Nash filed his formal complaint on September 19, 1969. However, he chose to abandon the administrative remedies in favor of a civil action against these same defendants. His action was dismissed on October 12, 1970, for failure to exhaust. Plaintiff Ricks filed his administrative complaint on September 8, 1971, claiming that racial discrimination was the reason he had been denied a promotion. Subsequently, on October 31, 1971, a promotion was granted and

he terminated his administrative claim. Plaintiff Littleton filed his initial complaint on February 6, 1970. An adverse ruling was rendered on October 29, 1970, and he appealed to the United States Civil Service Commission Board of Appeals and Review, which affirmed the earlier ruling on April 5, 1971. These plaintiffs cannot now come into federal court on their amended complaint since their claims had already been determined before amended Title VII became effective.

■■ The next group includes Vinson, Oates, Cohen, Fuqua, and Puryear, each of whom had claims which were pending at the time the 1972 amendment became effective. These plaintiffs filed a joint claim on June 18–20, 1971, and received an adverse ruling on August 1, 1972. A timely appeal was made to the United States Civil Service Commission Board of Appeals and Review, which affirmed the earlier ruling on December 19, 1972. The amended complaint of these five plaintiffs was filed on October 19, 1973, over ten months after the final decision concerning the administrative complaint by the Civil Service Commission. This court is of the opinion that said amended complaints are untimely both under § 717 of the amended Civil Rights Act of 1964, 42 U.S.C. § 2000e–16 (Supp. II, 1972), and under the Civil Rights Act of 1866, 42 U.S.C. § 1981 (1970). In addition, this court finds that the amended Title VII is not to be retroactively applied.

■ Section 717(c) of the amended Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(c) (Supp. II, 1972), contains a specific 30-day time period for filing suits after notice of final agency action on a federal employment discrimination complaint. As has been noted by the Supreme Court, such a time period is jurisdictional. Cf. *Holmberg v. Armbrecht*, 327 U.S. 392, 395, 66 S.Ct. 582, 90 L.Ed. 743 (1946). However, plaintiffs further contend that the Civil Service Commission is under an affirmative duty to give notice of the right to appeal the fi-

nal agency determination. This contention is simply not supported by the language of the Act. In fact, the only notice requirement stated therein is to the effect that "an employee or applicant for employment shall be notified of any final action taken on any complaint of discrimination filed by him thereunder." 42 U.S.C. § 2000e–16(b) (Supp. II, 1972). Indeed, if such final administrative action has not been taken within 180 days after the filing of an administrative complaint, suit may be filed immediately without any notice. 42 U.S.C. § 2000e–16(c) (Supp. II, 1972).

■ Moreover, an equally cogent reason for denying relief to the plaintiffs in this situation can be found in the recent Supreme Court decision of *United States Immig. & Naturalization Serv. v. Hibi,* 414 U.S. 5, 94 S.Ct. 19, 38 L.Ed.2d 7 (1973). In effect, the rationale of that opinion supports the view that even if the Civil Service Commission was wrong in failing to give notice, such failure cannot create an estoppel against defendant T.V.A. to claim the benefit of the limitation period fixed by Congress. This court is aware that a contra position on this issue was expressed. In *Day v. Weinberger,* 8 EPD ¶ 9646 (D. D.C.1974), the court stated that the 30-day time limit did not begin to run until the employee received notice of a right to sue. However, the higher authority of *Hibi* must be deemed controlling in the present case in the absence of any distinguishing factors being presented to this court.

It is also the decision of this court that the provisions of the Equal Employment Opportunity Act of 1972, amending Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* are not to be retroactively applied. The Fourth Circuit Court of Appeals and District of Columbia Circuit have granted retroactivity, viewing § 717(c) as basically procedural in nature. *Koger v. Ball,* 497 F.2d 702 (4th Cir. 1974) and *Womack v. Lynn,* 8 EPD ¶ 9709 (D.C.

Cir. 1974). However, this court feels that the better reasoned position is that expressed by the Sixth Circuit in *Place v. Weinberger,* 497 F.2d 412 (6th Cir. 1974). Before the amendment to Title VII, federal employees were exempted from its coverage. Thus it is difficult to understand how plaintiffs can claim rights under a statute which did not exist when the alleged violation occurred. As stated by the Sixth Circuit in the course of its opinion:

> Waivers of sovereign immunity must be strictly construed. *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Furthermore, a law is presumed to operate prospectively unless there is a clear expression to the contrary. *Hassett v. Welch,* 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858 (1938). An examination of Section 14 and Section 11 of the E.E.O. Act of 1972 indicates that Congress provided that said Act "shall be applicable in regard to charges pending before the Commission." Thus, Congress clearly intended certain portions of the Act to operate retroactively and so indicated. We therefore conclude that by its silence as to other sections Congress intended such sections to have prospective application only. 497 F.2d at 414.

Further reinforcement for this holding can be found in the Fourth Circuit decision of *Cohen v. Chesterfield Co. School Bd.,* 474 F.2d 395 (4th Cir. 1973). Although the Supreme Court in *Cleveland Bd. of Educ. v. La Fleur,* 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974), reversed the Fourth Circuit in *Cohen* on the constitutional issue involved, it nonetheless agreed with the rationale by which that court refused retroactivity under the 1972 amendment to Title VII. In pertinent part, the Fourth Circuit stated: "Rules and practices of the defendant in effect when the defendant was exempt from the Equal Employment Opp. Act cannot be a basis

for the violation of that act." 474 F.2d at 396 n. 1.[1]

■ Since plaintiffs also demand injunctive relief under 42 U.S.C. § 1981 (1870), it is necessary to determine the question of timeliness under this act. When an equitable remedy is sought pursuant to a federally created right, the question of timeliness is determined by laches. *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946). It is the opinion of this court that laches should be determined in light of the most nearly analogous statute of limitations. Since this case involves claims by federal employees, against an agency of the federal government and its officials, the most analogous and appropriate statute of limitations is the 30-day period contained in § 717(c) of the amended Civil Rights Act of 1964, the only comparable federal act containing a period of limitation. State statutes of limitations are clearly not the appropriate statutes to apply in a federal case when there is an analogous federal statute of limitations. If plaintiffs were allowed to bypass the specific time requirements of § 717 merely by bringing suit under § 1981, the enactment of the previous section would be a nullity for all practical purposes. The reasoning applied by this court to the exhaustion of administrative remedies issue under § 1981 is equally applicable to this decision on timeliness.

The third group is composed of James and Fitzgerald, who filed their complaints after the 1972 amendment became effective. Plaintiff Fitzgerald filed on July 24, 1972, and received notice of an adverse ruling on February 5, 1973. His amended complaint was filed on October 9, 1973. Since this is beyond the 30-day time limitation, the same rationale discussed above would apply here to bar this claim. Plaintiff James filed three separate claims on August 22, 1973. His first claim was rejected since it related to a labor grievance he had initiated earlier and which was subsequently denied. His second claim was ruled moot on August 22, 1973. His final claim was barred by *res judicata* since he had litigated a similar claim in 1972. Therefore, plaintiff James, though he filed a timely claim for relief, must be denied access to the court and summary judgment must be granted against him pursuant to Federal Rules of Civil Procedure, Rule 56, as he has failed to show a genuine issue as to any material fact and defendant is entitled to a judgment as a matter of law.

■ 4. Plaintiffs also assert that they may bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. It is the opinion of this court that the class action must be denied. Several recent decisions have stated that class actions are unavailable as a matter of law where the function of the court is limited to a review of the administrative record. *Pendleton v. Schlesinger*, 8 EPD ¶ 9598 (D.D.C. 1974); *Spencer v. Schlesinger*, 374 F. Supp. 840 (D.D.C.1974); *Handy v. Gayler*, 364 F.Supp. 676 (D.Md.1973). In addition, this court has already pointed out that the exhaustion of administrative remedies is a jurisdictional requirement. In the present case, these class claims were not presented at the administrative level, thus falling short of the jurisdictional prerequisite. By allowing a class action in this situation, the court would be providing a vehicle to the plaintiffs for bypassing agency determination. This would violate Rule 82 of the Federal Rules of Civil Procedure which forbids any construction of the rules so as to extend the jurisdiction of the district court.

■ Finally, it is doubtful that the numerosity requirements of Rule 23(a)(1) can be met in this case. Be-

---

1. Although the Fourth Circuit in *Koger v. Ball*, 497 F.2d 702, 707 (4th Cir. 1969), attempted to distinguish *Cohen* on the ground that a federal employee's "right to be free from racial discrimination does not depend on the 1972 Act," this court does not regard that distinction as viable.

sides the named plaintiffs in the present action, only one other T.V.A. employee could possibly meet the requirements previously stated. The joinder of this single person could hardly be deemed impracticable.

5. Having ruled that at least two plaintiffs, Eastland and Sheffield, have satisfied the jurisdictional requirements for filing this action, the court must proceed to what it considers to be the final issue. Plaintiffs make the contention that federal employment discrimination cases arising under the 1972 amendment to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Supp. II, 1972), are to be adjudicated pursuant to the same procedures and standards as are available in Title VII cases which challenge employment discrimination in the private sector. Following this reasoning, plaintiffs contend that the court in the instant case must grant each a *de novo* trial without regard to any previous findings at the administrative level. On the other hand, defendant T.V.A. argues that the court's function in this case is limited to a review of the administrative record to determine whether the decision is supported by the record and to insure that basic due process rights have been accorded the plaintiffs.

In order to reach a decision on this point, it is necessary to distinguish between the available remedies and relief accorded to private sector employees versus federal employees. With regard to private employees, amended Title VII of the Civil Rights Act of 1964 generally prohibits certain racially discriminatory employment practices as unlawful employment practices. 42 U.S.C. § 2000e–2(a)(1) (Supp. II, 1972). After specified proceedings before the Equal Employment Oportunity Commission, 42 U.S.C. § 2000e–5(a) (Supp. II, 1972), the private employee may bring a civil action in the federal district court, 42 U.S.C. § 2000e–5(f)(1), (3) (Supp. II, 1972). The Equal Employment Oportunity Commission has no power to grant any administrative remedy to a private employee who has been discriminated against, 42 U.S.C. § 2000e–4(g) (Supp. II, 1972), but rather is limited to correcting the "alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e–5(b) (Supp. II, 1972). The federal district court is empowered to grant broad injunctive relief if it finds that any unlawful employment practice has been committed. 42 U.S.C. § 2000e–5(g) (Supp. II, 1972).

In comparison, § 717 of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16(a), (b) (Supp. II, 1972), grants the Civil Service Commission the power to enforce the provisions dealing with discrimination "through appropriate remedies . . . as will effectuate the policies of this section, and shall issue such rules, regulations, orders and instructions as it deems necessary and appropriate to carry out its responsibilities under this section." Finally, § 717(c), 42 U.S.C. § 2000e–16(c) (Supp. II, 1972) provides that an employee who is aggrieved may "[w]ithin thirty days of receipt of notice of final action . . . or after one hundred and eighty days from the filing of the initial charge . . . until such time as final action may be taken . . . or by the failure to take final action on his complaint, . . . file a civil action as provided in section 2000e–5 of this title. . . ." Section 717(d), 42 U.S.C. § 2000e–16(d) (Supp. II, 1972) then makes applicable the "provisions of 2000e–5(f) through (k) of this title."

The federal district courts which have spoken to this issue are split. Several have held that a review of the legislative history of the Equal Employment Opportunity Act of 1972 indicated an intent on the part of Congress to provide a plaintiff in a federal employment discrimination case with the same right to review as is enjoyed by private sector employees. *Henderson v. Defense Contract Admin. Serv. Reg. N. Y.*, 370 F.

Supp. 180 (S.D.N.Y.1973). *Jackson v. United States Civil Service Commission,* Civil No. 72–H–1003 (S.D.Tex., filed Dec. 13, 1973). *Griffin v. United States Postal Service,* 385 F.Supp. 273 (M.D. Fla., 1973).

Several courts have taken a contra position. The court in *Hackley v. Johnson,* 360 F.Supp. 1247 (D.D.C.1973), rejected the contention that the 1972 Act contained any requirement of an automatic trial *de novo.* Similarly, the court in *Handy v. Gayler,* 364 F.Supp. 676 (D. Md.1973), ruled that the 1972 Act, envisioned only a review of the administrative record. See *Spencer v. Schlesinger,* 374 F.Supp. 840 (D.D.C., filed Apr. 23, 1974). *Pointer v. Sampson,* 62 F.R.D. 689 (D.D.C., filed Apr. 18, 1974). *Williams v. Mumford,* Civil No. 1633–72 (D.D.C., filed Aug. 17, 1973).

It is also interesting to note that the court in *Thompson v. United States Dept. of Justice,* 372 F.Supp. 762 (N.D. Cal.1974), upon which many of the district courts holding in favor of a trial *de novo* relied, recently reversed itself and held in favor of review of the administrative record.

 This court is persuaded by the reasoning of the latter cases. Particularly apropos at this point is the reasoning set forth by Judge Gesell in his opinion in *Hackley.*

There is a need to establish an especially high standard of review in government employment cases involving aspects of discrimination prohibited by the Civil Rights Act of 1972, but an interpretation that embraces an automatic requirement of trial *de novo* in all instances with all its inherent uncertainties and substantial delays will defeat rather than advance the Act's objectives.

The trial *de novo* is not required in all cases. The District Court is required by the Act to examine the administrative record with utmost care. If it determines that an absence of discrimination is affirmatively established by the clear weight of the evidence in the record, no new trial is required. If this exacting standard is not met, the Court shall, in its discretion, as appropriate, remand, take testimony to supplement the administrative record, or grant the plaintiff relief on the administrative record. 360 F.Supp. at 1252.

Accordingly, defendants' motion for summary judgment is granted against all plaintiffs' individual claims, except for plaintiffs Eastland and Sheffield, who are the only parties to affirmatively satisfy the exhaustion requirement. As to plaintiffs Eastland and Sheffield, a review of their administrative records will be granted to determine if the "exacting standard" established in *Hackley* by Judge Gesell has been met.

## AMENDED ORDER AND FINAL JUDGMENT

The Order and Final Judgment heretofore entered in the above-styled case on September 30, 1974, is hereby amended by the following:

In conformity with and pursuant to the Amended Findings of Fact and Conclusions of Law filed contemporaneously herewith, it is:

Ordered, adjudged and decreed that plaintiffs' motion for a trial *de novo* be and the same hereby is denied.

It is further ordered that defendants' motion for summary judgment for failure to exhaust administrative remedies is hereby granted as to all of the plaintiffs' individual claims, except plaintiffs Eastland and Sheffield, whose review will be limited to the administrative record certified to this court.

It is further ordered that plaintiffs are presently unable to maintain a class action.