James L. STEELE, Individually and on behalf of all others similarly situated, Plaintiff,

v.

TENNESSEE VALLEY AUTHORITY et al., Defendants.

Civ. A. No. CA 75–G–2324–NE.

United States District Court,
N. D. Alabama,
Northeastern Division.

May 7, 1976.

Adams, Baker & Clemon, Birmingham, Ala., for plaintiff.

Herbert S. Sanger, Jr., Justin M. Schwamm, James E. Fox, Thomas F. Fine, Tennessee Valley Authority, Knoxville, Tenn., for TVA and Aubrey J. Wagner.

Wayman G. Sherrer, U. S. Atty., Henry I. Frohsin, Asst. U. S. Atty., Birmingham, Ala., for Hampton, Andolsek and Spain.

## ORDER

GUIN, District Judge.

This cause came on to be heard on the defendants' motions for summary judgment. In his administrative complaint to TVA plaintiff claimed that he was denied a promotion by TVA because of his race and that, also because of his race, he was treated unequally with regard to work assignments and overtime and denied administrative leave to assist with minority community activities. The administrative record shows that the promotion claim was not presented to the EEO counselor within the 30-day period provided by 5 C.F.R. § 713.-214(a)(i) (1976) and suit was not filed in this Court within 30 days after that issue was rejected by TVA for untimeliness. 42 U.S.C. § 2000e–16(c) (Supp. IV, 1974). During argument, plaintiff's counsel conceded that defendants' motion for summary judgment on the grounds that this claim was untimely should be granted. It further appears that the claim as to work assignments was remanded by TVA for counseling, which has not been pursued. The two remaining claims were cancelled for failure to prosecute after the plaintiff, having been twice warned that such cancellation might result, failed to provide information requested by TVA to determine if the complaint was proper for processing under 5 C.F.R. § 713.215 (1976) and TVA's regulations. The Civil Service Commission affirmed TVA's dismissal of these two claims and this action followed.

It appears that plaintiff has not exhausted his administrative remedies as to the claims before the Court, as required by 42 U.S.C. § 2000e–16, the statute on which plaintiff's counsel, during argument, placed his sole reliance. *See Penn v. Schlesinger*, 497 F.2d 970 (5th Cir.) (en banc), *petition for cert. filed*, 43 U.S.L.W. 3310 (U.S. Oct. 23, 1974) (No. 74–476); *Jordan v. United States*, 522 F.2d 1128 (8th Cir. 1975); *McCarthy v. Civil Serv. Comm'n & Gen. Accounting Office*, 169 U.S.App.D.C. 300, 515 F.2d 1017 (1975); *Eastland v. Tennessee Valley Authority*, 398 F.Supp. 541 (N.D.Ala. 1974), *aff'd mem.*, 547 F.2d 908 (5th Cir. 1977); *Butler v. Kleppe*, 9 EPD ¶ 10,054 (D.D.C.1975).

Accordingly, it is ORDERED, ADJUDGED, and DECREED that the motions of the defendants for summary judgment be and they hereby are GRANTED and this action is hereby dismissed.